[No. B105793. Second Dist., Div. Seven. Sept. 24, 1997.]

PRIVATE INDUSTRY COUNCIL OF SOUTHEAST LOS ANGELES, INC., Plaintiff and Appellant, v.
EMPLOYMENT DEVELOPMENT DEPARTMENT et al., Defendants and Respondents.

[No. B105916. Second Dist., Div. Seven. Sept. 24, 1997.]

PRIVATE INDUSTRY COUNCIL OF SOUTHEAST LOS ANGELES, INC., Plaintiff and Respondent, v.
EMPLOYMENT DEVELOPMENT DEPARTMENT et al., Defendants and Appellants.

**COUNSEL**

Willard V. Jones, Richards, Watson & Gershon, Mitchell E. Abbott and T. Peter Pierce for Plaintiff and Appellant and for Plaintiff and Respondent.

Daniel E. Lungren, Attorney General, Charlton G. Holland III, Assistant Attorney General, John H. Sanders and James F. Ahern, Deputy Attorneys General, for Defendants and Appellants and for Defendants and Respondents.

**OPINION**

JOHNSON, J.—The California Employment Development Department, which dispenses federal job training funds under the Job Training Partnership Act (JTPA) issued a directive requiring local job training agencies to

spend at least 80 percent of the funds allocated to them in a given year or "face recapture" of the funds. Petitioner contends this directive is invalid and unenforceable because it was not promulgated as a regulation under the Administrative Procedures Act and because it conflicts with a controlling provision of the JTPA which gives agencies three years to spend all the job training funds allocated in a given year. We agree with petitioner's contention the directive is invalid because it violates binding federal law. We do not reach the Administrative Procedures Act issue.

## FACTS AND PROCEEDINGS BELOW

Petitioner Private Industry Council of Southeast Los Angeles County, Inc. (Council) is a nonprofit corporation created to administer federal job training funds in southeast Los Angeles County pursuant to the JTPA, 29 United States Code section 1501 et seq.

Respondent Employment Development Department (EDD) is the state agency charged with the duties of establishing regulations for implementing the JTPA (Unemp. Ins. Code, § 15051) and allocating JTPA funds to local job training agencies such as the Council (Unemp. Ins. Code, § 15053).

In 1993 EDD issued Interim Directive No. 93-15 (the directive) which requires local job training agencies to spend at least 80 percent of the summer youth and older worker job training funds during the program year in which those funds were allocated. The directive further provides if the required 80 percent is not spent, EDD will recapture the unspent portion by reducing the agency's allocation of funds.

### 1. *Recapture of 1993-1994 Older Worker Job Training Funds*

Pursuant to the directive, EDD notified the Council in September 1994 it had failed to spend 80 percent of its available older worker funds for the 1993-1994 program year. Therefore, the notice stated, the Council's future older worker funds would be reduced by $47,600, the difference between the amount of funds spent and 80 percent of the funds available in the 1993-1994 program year. An EDD review panel upheld the decision to recapture the funds.

Having exhausted its administrative remedies, the Council brought a petition for writ of mandate in the superior court contending the directive is invalid and unenforceable because it was not promulgated as a regulation under the Administrative Procedures Act (Gov. Code, § 11340 et seq.) and

because it conflicts with controlling provisions of the JTPA.[1] The trial court (Judge Wayne) agreed with the Council on both grounds and entered a judgment ordering EDD not to use the directive as the basis for recapturing the older worker funds at issue. EDD filed a timely appeal.

### 2. *Recapture of 1993-1994 Summer Youth Job Training Funds*

Pursuant to the directive, EDD notified the Council in March 1995 it had failed to spend 80 percent of its available summer youth job training funds for the 1993-1994 program year. Therefore, the notice stated, the Council's future summer youth funds would be reduced by $82,000, the difference between the amount of funds spent and 80 percent of the funds available in the 1993-1994 program year. An EDD review panel upheld the decision to recapture the funds.

Having again exhausted its administrative remedies, the Council brought a petition for writ of mandate in the superior court contending the directive was invalid and unenforceable as to summer youth funds for the same reasons that apply to older worker funds. This time, however, the trial court (Judge O'Brien) agreed with EDD's position its directive was not a regulation subject to the APA and did not conflict with binding federal law. The court entered a judgment for respondents and the Council filed a timely appeal.

Because each appeal raises the same legal issues and the relevant facts are the same in each case we ordered the appeals consolidated.

### DISCUSSION

■ The JTPA provides federal funding to the states for a variety of job training programs including summer youth employment and older worker job training. In enacting the JTPA, Congress directed: *"Funds obligated for any program year may be expended* by each recipient during that program year *and the two succeeding program years* and no amount shall be deobligated on account of a rate of expenditure which is consistent with the job training plan." (29 U.S.C. § 1571(b)(1), italics added.)

The EDD directive at issue provides the recipient must "spend at least 80 percent of the funds available . . . in a given program year" or "face

[1]The Council also claimed EDD's finding it had spent less than 80 percent of its older worker funds was not supported by substantial evidence and that it had actually spent 98 percent of its funds. The trial court did not reach this issue and the issue is not briefed on appeal.

'recapture' of [the] funds." Thus, under federal law the Council was authorized to spend the summer youth and older worker funds obligated for the 1993-1994 program year during that year and the next two program years, 1994-1995 and 1995-1996. Under the EDD directive, the Council was required to spend 80 percent of the funds available for the 1993-1994 program year in that year or forfeit the difference. The EDD directive is obviously inconsistent with the federal statute.

EDD does not seriously argue the expenditure provisions of its directive are consistent with the expenditure provisions of the JTPA.[2] Instead, it maintains the directive is "philosophically and administratively in alignment" with Congress's overall intent to provide job training funds to the states. Recapture of unspent funds after one year instead of three, EDD argues, is necessary to ensure funds are utilized promptly and efficiently where they are most needed. But EDD cannot contravene federal law simply because "it has a better idea." Few rules are more firmly established than the rule a state law which conflicts with federal law is "without effect." (*Smiley* v. *Citibank* (1995) 11 Cal.4th 138, 147 [44 Cal.Rptr.2d 441, 900 P.2d 690].) While the state is not required to participate in the JTPA, as long as it does so it must comply with federal law in the administration of the program. (29 U.S.C. § 1536 [state law implementing JTPA must be "consistent with the provisions" of the statute]; Unemp. Ins. Code, § 15051 [EDD has regulatory authority "to the extent permitted by federal law"]; cf. *Villa* v. *Hall* (1971) 6 Cal.3d 227, 236 [98 Cal.Rptr. 460, 490 P.2d 1148], *Garcia* v. *Swoap* (1976) 63 Cal.App.3d 903, 909 [134 Cal.Rptr. 137] [striking down state welfare rules inconsistent with binding provisions of the Social Security Act].)

Accordingly, we hold EDD Interim Directive No. 93-15, imposing a one-year time limit for the expenditure of 80 percent of the Council's JTPA funds, is invalid.

## DISPOSITION

The judgment for petitioner in case No. BS033258 is affirmed. The judgment for respondents in case No. BS034873 is reversed and the cause is remanded to the trial court with directions to (1) issue its peremptory writ of mandate ordering respondents to rescind Interim Directive No. 93-15 insofar as it requires petitioner to spend 80 percent of its JTPA funds during the

---

[2]EDD suggests its directive is not inconsistent with the federal statute because under the directive an agency is allowed two additional years to spend the remaining 20 percent of its allocation. The federal statute, however, affords the agency three years to spend its entire allocation, not a percentage of the allocation. (Cf. 29 U.S.C. § 1519 requiring the agency to *obligate* at least 85 percent of its allocation by the end of the program year.)

program year in which those funds were allocated and to set aside the administrative decision under the directive to recapture petitioner's JTPA funds for the 1993-1994 program year and (2) determine petitioner's entitlement to attorneys' fees and such other relief as may be proper. In both cases, petitioner is awarded its costs on appeal.

Lillie, P. J., and Woods, J., concurred.